UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| | |
|---|---|
| HEATHER ALLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil No. 2:15-cv-00035 |
| v. | ) Judge Sharp |
| | ) |
| VITAL ONE HEALTH PLAN, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM

Pending before the Court is Defendant Vital One Health Plan's Motion to Dismiss for Lack of Prosecution (Docket No. 23). Defendant's Motion is unopposed.[1] For the reasons set out below, the Court will GRANT the motion.

Defendant has also requested "an award of reasonable expenses, including attorneys' fees" in its Motion. (Docket No. 24, p. 5.) The Court will not grant Defendant's request at this time. Defendant should submit a separate motion for fees, along with supporting memoranda and affidavits, pursuant to Rule 54(d) of the Federal Rules of Civil Procedure.

## BACKGROUND

Plaintiff Heather Alley filed this suit against Defendant Vital One Health Plan on July 6, 2015, alleging that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227. (See Docket No. 1.) Defendant filed its answer on September 21, 2015. (See Docket No. 11.)

One week later, Plaintiff's attorneys filed a Motion to Withdraw (Docket No. 13.) In their Motion, the attorneys told the Court that, despite their efforts to reach her, Plaintiff had failed to communicate with them since August 7, 2015. (Docket No. 13, p. 1.) The Court

---

[1] Plaintiff has not filed a response to the Motion. Local Rule 7.01(b) provides that "[f]ailure to file a timely response shall indicate that there is no opposition to the motion." M.D. Tenn. R. 7.01(b).

denied the Motion to Withdraw for failure to comply with local rules (Docket No. 16), so Plaintiff's attorneys filed a second Motion on October 19, 2015. (Docket No. 18.)

On October 20, 2015, the Court granted the second Motion to Withdraw. (Docket No. 19.) In its Order, the Court allowed Plaintiff "thirty (30) days . . . to retain substitute counsel or to notify the Court [in writing] that she intends to proceed *pro se*." (Docket No. 19, p.1.) The Order also set an initial case management conference for December 7, 2015. (Id.) The thirty-day deadline passed. Yet Plaintiff did not inform the Court that she had found substitute counsel, nor did she submit any written notice that she intended to proceed *pro se*. She then failed to appear at the December 7 case management conference, offering no explanation for her absence. Defendant filed a Motion to Dismiss the next day. (See Docket No. 23.)

On January 27, 2016, the Court entered an Order (Docket No. 25) that gave Plaintiff fourteen days to respond to Defendant's Motion to Dismiss. The Court warned Plaintiff that her failure to submit a response within fourteen days could "result in her suit being dismissed with prejudice." (Id.) Plaintiff did not respond.

## ANALYSIS

The Court has the power to dismiss a complaint under Rules 37 and 41 of the Federal Rules of Civil Procedure. Rule 37 permits a court to dismiss a lawsuit when a party fails to comply with a discovery order, including an order to attend a pretrial discovery conference. Fed. R. Civ. P. 37(b)(2)(A)(v); 26(f). Such a dismissal "accomplishes the dual purpose of punishing the offending party and deterring similar litigants from such misconduct in the future." Bass v. Jostens, Inc., 71 F.3d 237, 241 (6th Cir. 1995). Similarly, Rule 41(b) allows a court to dismiss a complaint when the plaintiff has failed to comply with a court order. The rule "allows district courts to manage their dockets and avoid unnecessary burdens on both courts and opposing

parties." Shavers v. Bergh, 516 F. App'x 568, 569 (6th Cir. 2013) (citing Knoll v. Am. Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999)).

The Sixth Circuit uses a four-factor test to consider dismissal under Rule 41(b) or Rule 37(b)(2)(A). See Bank One of Cleveland, N.A. v. Abbe, 916 F.2d 1067, 1073 (6th Cir. 1990) (setting out the four-factor test).[2] Dismissal is appropriate when: (1) the plaintiff acted with willfulness, bad faith, or fault; (2) the violation prejudiced the defendant; (3) the plaintiff had been warned that her conduct could lead to extreme sanctions; and (4) less drastic sanctions were previously imposed or considered. Freeland v. Amigo, 103 F.3d 1271, 1277 (6th Cir. 1997); Bass, 71 F.3d at 241; Bank One of Cleveland, 916 F.2d at 1073. No single factor is dispositive. Knoll, 176 F.3d at 363.

**A. Did Plaintiff Show Willfulness, Bad Faith, or Fault?**

The first Rule 37(b) factor is satisfied only with "a clear record of delay or contumacious conduct." Freeland, 103 F.3d at 1277. Such a record exists when a plaintiff shows "either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." Shavers, 516 F. App'x at 570 (quoting Schafer v. City of Defiance Police Dep't, 529 F.3d 731, 737 (6th Cir. 2008)).

Plaintiff's conduct meets this standard. For six months, Plaintiff has failed to respond to her former counsel, opposing counsel, or the Court. She has missed two court-ordered deadlines (See Docket Nos. 19, 25) without offering any explanation for doing so. Moreover, the record shows that Plaintiff knew about her court-ordered obligations and the risks of noncompliance: On October 26, 2015 and February 5, 2016, she signed and returned certified-mail receipts that came with the Court's October 20 and January 27 Orders. (See Docket Nos. 21, 28.)

---

[2] The same four-factor test applies to both rules. See Shavers, 516 F. App'x at 569–70 (applying Rule 37(b)(2)(A)'s four-factor test to dismissal under Rule 41(b)).

In all, Plaintiff has shown a clear record of delay, bad faith, and contumacious conduct. Freeland, 103 F.3d at 1277. See also Harmon v. CSX Transp., Inc., 110 F.3d 364, 368 (6th Cir. 1997) ("[Plaintiff] failed to respond to the amicable requests of [Defendant's] counsel, he failed to respond to [Defendant's] motion to compel, and he failed to comply with the district court's . . . order. . . . It is, in short, a clear record of delay and contumacious conduct.").

### B. Did Defendant Suffer Prejudice?

The second Rule 37(b) factor is met when a defendant "waste[s] time, money, and effort in pursuit of cooperation which [a plaintiff] was legally obligated to provide." Wright v. City of Germantown, Tenn., 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013).

Defendant argues that Plaintiff's conduct has frustrated any effort to prepare for trial. In particular, Defendant notes that Plaintiff has "fail[ed] to participate in the development of a discovery plan" or to "appear at the December 7, 2015" case management conference, both of which have kept Defendant from developing its trial strategy. (Docket No. 24, p. 5.) Additionally, Defendant points out that it has had to waste money preparing for the initial case management conference (which Plaintiff did not attend) and drafting a Motion to Dismiss (to which Plaintiff did not respond). (Docket No. 24, p. 5–6.)

The Court agrees. Defendant has been forced to waste time and money trying to secure Plaintiff's cooperation. So far, these efforts have been fruitless; Plaintiff is no closer to cooperating than she was six months ago.

### C. Was Plaintiff Warned that Her Conduct Could Lead to Extreme Sanctions?

Prior notice—or the lack thereof—is a key consideration in determining whether dismissal under Rule 37(b) is appropriate. Schafer, 529 F.3d at 737; Moses v. Am. Apparel Retail Inc., 2015 WL 4665968, at *15 (W.D. Tenn. Aug. 6, 2015). The Sixth Circuit has

repeatedly required that a lower court "put the derelict parties on notice that further noncompliance would result in dismissal." Wu v. T.W. Wang, Inc., 420 F.3d 641, 644 (6th Cir. 2005).

Plaintiff was on notice that her failure to respond to Defendant's Motion could lead to dismissal. In the January 27, 2016 order, the Court warned Plaintiff that "failure to timely file a response may result in her suit being dismissed with prejudice." (Docket No. 25.) Despite this warning, Plaintiff did not meet the deadline for responding.

**D. Were Less Drastic Sanctions Imposed or Considered?**

The fourth Rule 37(b) factor is met when "less drastic sanctions [than dismissal] were imposed or considered" in response to a plaintiff's conduct. Regional Refuse Sys., Inc. v. Inland Reclamation Co., 842 F.2d 150, 154 (6th Cir. 1988). But the Sixth Circuit has stressed that "consideration of lesser sanctions is a *factor*" in the Rule 37(b) analysis; lesser sanctions are not a prerequisite for a dismissal order. Harmon, 110 F.3d at 368 (emphasis in original). Moreover, a court is not required to "incant a litany of the available lesser sanctions" or to assume "that lesser sanctions were not considered simply because their consideration is not" clear in the record. Harmon, 110 F.3d at 368. See also Shavers, 516 Fed. App'x at 571 (ordering dismissal despite the record's silence as to whether the magistrate judge considered lesser sanctions).

The Court has not considered lesser sanctions. But in this case, dismissal is an appropriate first sanction. There is no indication that financial sanctions would spur Plaintiff into compliance. See id. And more importantly, her stubborn, six-month-long refusal to cooperate is "sufficiently egregious" to warrant a drastic sanction. Harmon, 110 F.3d at 368 (holding that district court properly ordered dismissal as a first sanction when plaintiff had not responded to court-ordered discovery requests for months).

5

**CONCLUSION**

Dismissal under Rules 41(b) and 37(b)(2)(A) is a "sanction of last resort." <u>Beil v. Lakewood Eng'g & Mfg. Co.</u>, 15 F.3d 546, 552 (6th Cir. 1994). But here, it is appropriate. The record is thick with evidence of Plaintiff's bad faith and dilatory conduct. The Court issued a clear warning to Plaintiff about that conduct. And Defendant has wasted time, money, and effort in a futile attempt to secure Plaintiff's cooperation.

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss. An appropriate Order will be entered.

*/s/ Kevin H. Sharp*
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE